IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CRIMINAL NO. 4:05-cr-30-WHB
CIVIL ACTION NO. 4:09-cv-101-WHB

**JOHNNY E. HICKS**

## OPINION AND ORDER

This cause is before the Court on the "2255 Motion and/or 2241 Petition", which was filed by Defendant, Johnny E. Hicks ("Hicks").[1] In his Motion, Hicks does not challenge his federal conviction or the sentence he received as to that conviction. Instead, Hicks challenges the manner in which his sentence is being executed. Specifically, Hicks argues that he was sentenced to a 120-month term of imprisonment by this Court on February 8, 2007. According to Hicks, he was placed in state custody "against his will" on August 20, 2007, at which time he was sentenced by the state court to ten years in prison on three burglary charges. The state court ordered that his state sentence run consecutively to his federal sentence. Again, according to Hicks, the federal authorities failed to take him back into custody for the purpose of completing his federal sentence. On April 21, 2009, Hicks discovered that the federal authorities had placed a detainer with

---

[1] As Hicks is proceeding *pro se*, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

the state authorities to ensure that he would serve the remainder of his federal sentence. See 2255 Motion and/or 2241 Petition, ¶¶ 1-10. Based on these allegations, Hicks requests that he be discharged from serving his federal sentence, or that he be given credit on his federal sentence for the time he has served in state prison.

After reviewing the pleadings, the Court finds that Hicks's current motion should not be considered as one seeking relief under 28 U.S.C. § 2255. As recognized by the United States Court of Appeals for the Fifth Circuit, "[a] section 2255 motion ... 'provides the primary means of collateral attack on a federal sentence.' Relief under section 2255 is warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing.'" Pack v. Yusuff, 418 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). In this case, it is clear that Hicks is not complaining of errors that occurred at or prior to his being sentenced in federal court. Instead, the errors about which Hicks complains occurred after the federal sentence was imposed, namely that the federal authorities wrongfully turned him over to state custody to be sentenced on state law charges and then wrongfully failed to take him back into federal custody for the purpose of completing his federal sentence. As the errors about which Hicks complains occurred after federal sentencing was completed, the Court finds that his motion under Section 2255 should be denied.

The Court additionally finds that as Hicks is challenging the manner in which his sentence is being executed, his present motion is a petition for habeas corpus relief under 28 U.S.C. § 2241. See e.g. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005)(instructing that Section 28 U.S.C. § 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'"); Pack, 218 F.3d at 451 ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). Although Hicks has filed his subject pleading as one seeking relief under both 28 U.S.C. §§ 2255 and 2241, under current Fifth Circuit precedent a Section 2241 petition "must be filed in the same district where the prisoner is incarcerated." See Pack, 218 F.3d at 451. Here, the record shows that Hicks is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi, which is located in the Northern District of Mississippi, Greenville Division. As such, the Court finds that Hicks's 2241 Petition should be denied, without prejudice, thereby allowing him to re-file the 2241 Petition in the correct court, namely the United States District Court for the Northern District of Mississippi, Greenville Division.[2]

---

[2] The Court offers no opinion as to whether Hicks's claims have merit, or whether he is entitled to any relief whatsoever.

Accordingly:

IT IS THEREFORE ORDERED that Defendant's 2255 Motion and/or 2241 Petition [Docket No. 33], to the extent the Motion seeks relief under 28 U.S.C. § 2255, is hereby denied. The Clerk of Court is hereby directed to dismiss Defendant's 2255 Motion and close the corresponding civil case (Civil Action No. 4:09-cv-101).

IT IS FURTHER ORDERED that Defendant's 2255 Motion and/or 2241 Petition [Docket No. 33], to the extent that Motion seeks relief under 28 U.S.C. § 2241, is hereby denied without prejudice thereby allowing Defendant the opportunity to re-file his 28 U.S.C. § 2241 Petition in the correct United States District Court.

SO ORDERED this the 2nd day of November, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE